**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPHANTUS WAKABA KANYIRI, | No. 10-70353 |
| Petitioner, | Agency No. A055-107-827 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Ephantus Wakaba Kanyiri, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' ("BIA") January 29, 2010, order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Kanyiri states that this petition for review is consolidated both with another petition for review and with an appeal of a denial of a writ of habeas corpus. However, his petition for review has not been consolidated with any other case before this court, including case nos. 10-71581 and 10-35337. Thus, the BIA's January 29, 2010, order is the only decision before us, and we do not address Kanyiri's arguments relating to the BIA's denial of his motion to reopen, the BIA's denial of his motion to reconsider, or the district court's dismissal of his habeas petition.

Kanyiri does not challenge the agency's dispositive finding that he is ineligible for asylum due to his aggravated felony conviction. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Kanyiri did not demonstrate past persecution because he did not suffer any harm in Kenya and he

10-70353

did not establish the threats his parents received were tied to him. *See Wakkary*, 558 F.3d at 1060 (murder of friend and associate were not "part of a pattern of persecution closely tied to" petitioner) (internal quotation and citation omitted). In addition, substantial evidence supports the agency's finding that Kanyiri did not demonstrate a clear probability of persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear not objectively reasonable under circumstances of case). We lack jurisdiction to review Kanyiri's contention regarding his perceived homosexuality because he did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below). Accordingly, we deny the petition as to Kanyiri's withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Kanyiri failed to establish it is more likely than not he would be tortured at the instigation or with the acquiescence of the Kenyan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Further, Kanyiri's contention that the BIA failed to review his CAT claim is belied by the record. We also reject Kanyiri's summary statements that the BIA failed to review his ineffective

assistance of counsel claim because he did not argue this claim on direct appeal to the BIA.

To the extent Kanyiri contends the BIA failed to consider evidence in his direct appeal, we reject this contention. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge to deportation proceedings). Finally, we do not consider any evidence or information Kanyiri references in his opening brief that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (review limited to administrative record underlying IJ's decision).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**